UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
SODEXO OPERATIONS, LLC,        )
                               )
     Plaintiff,                )
                               )
     v.                        )    Civil Action No. 12-108 (RWR)
                               )
NOT-FOR-PROFIT HOSPITAL        )
CORPORATION,                   )
                               )
     Defendant.                )
_____)
```

## MEMORANDUM OPINION

Plaintiff Sodexo Operations, LLC ("Sodexo") brings this breach of contract action against Not-for-Profit Hospital Corporation ("NFP") seeking damages arising from an alleged breach of contract between Sodexo and Capital Medical Center, LLC ("CMC").  NFP moves to dismiss the plaintiff's breach of contract claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a breach of contract claim against NFP and under Rule 8(a) for insufficient pleading.  Because the complaint does not provide sufficient factual allegations to state a breach of contract claim against NFP, the defendant's motion to dismiss will be granted.[1]

---

[1] Sodexo also moves to strike portions of NFP's reply brief, arguing that NFP improperly raised new arguments.  Because the motion to dismiss will be granted without consideration of the assertedly new arguments, the plaintiff's motion to strike will be denied as moot.

-2-

## BACKGROUND

In 2008, CMC and Sodexo entered into an agreement for CMC to pay Sodexo "to manage and operate [nutrition] Services for [CMC's] patients, residents, employees, visitors and guests at [CMC's United Medical Center]." Compl. ¶¶ 13, 16, 17, Ex. A. In January 2010, Sodexo notified CMC that CMC owed $349,333.81 for Sodexo's work performed under that management agreement. Id. ¶ 38, Ex. D. That same year, the District of Columbia (the "District") foreclosed on CMC and transferred the assets of its hospital, United Medical Center ("UMC"), to NFP by statute and mayoral order. Thus, NFP took over ownership and operation of the hospital. Id. ¶¶ 10, 12, 53; Def.'s Mot. to Dismiss ("Def.'s Mot."), Mem. of P. & A. in Supp. of its Motion to Dismiss ("Def.'s Mem.") at 1, 4-5; Pl.'s Statement of P. & A. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 4-5. Sodexo brings a breach of contract claim against NFP arguing that NFP took over CMC's contractual obligations and is liable for CMC's breach of contract for failure to pay. Compl. ¶¶ 55-56, 65.

## DISCUSSION

"'A complaint can be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted.'" Howard Univ. v. Watkins, 857 F. Supp. 2d 67, 71 (D.D.C. 2012) (quoting Peavey v. Holder, 657 F. Supp. 2d 180, 185 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6))).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceptable as true, to "state a claim to relief that is plausible on its

-3-

> face." . . . A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court
> to draw the reasonable inference that the defendant is
> liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).  In considering
a motion to dismiss under Rule 12(b)(6), a court accepts well-
pleaded factual allegations in the complaint as true and
interprets them in the light most favorable to the plaintiff.
Howard Univ., 857 F. Supp. 2d at 71 (citing Warren v. District of
Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004)).  "'In determining
whether a complaint states a claim, the court may consider the
facts alleged in the complaint, documents attached thereto or
incorporated therein, and matters of which it may take judicial
notice.'"  Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059
(D.C. Cir. 2007) (quoting Stewart v. Nat'l Educ. Ass'n, 471 F.3d
169, 173 (D.C. Cir. 2006)).  "[A] complaint attacked by a Rule
12(b)(6) motion to dismiss does not need detailed factual
allegations . . ., [but] [w]here a complaint pleads facts that
are merely consistent with a defendant's liability, it stops
short of the line between possibility and plausibility of
entitlement to relief."  Howard Univ., 857 F. Supp. 2d at 71
(internal citations and quotation marks omitted).

Further, the notice pleading standard in Rule 8(a)(2)
requires a complaint to contain "a short and plain statement of
the claim showing that the pleader is entitled to relief[,]" Fed.
R. Civ. P. 8(a)(2), and to "give the defendant fair notice of

-4-

what the . . . claim is and the grounds upon which it rests,"
Twombly, 550 U.S. at 555 (internal quotation marks omitted).

Here, Sodexo brings a breach of contract claim against NFP
although the contract at issue was between Sodexo and CMC.
Compl. ¶ 13, 65.[2]  "Ordinarily, a business entity which acquires
the assets of another business is not liable for its
predecessor's liabilities and debts."  Bingham v. Goldberg,
Marchesano, Kholman, Inc., 637 A.2d 81, 89 (D.C. 1994).  However,
Bingham recognized four exceptions to this general rule where:

> (1) the buyer expressly or impliedly agrees to assume
> such debts; or (2) the transaction amounts to a de
> facto merger of the buyer and seller; or (3) the buying
> corporation is a "mere continuation" of the selling
> corporation; or (4) the transaction is entered into
> fraudulently in order to escape liability for such
> debts.

Id. at 89-90 (quoting Bud Antle, Inc. v. Eastern Foods, Inc., 758
F.2d 1451, 1456 (11th Cir. 1985)).

NFP moves to dismiss the complaint arguing that the
complaint does not state a breach of contract claim because the
plaintiffs have not alleged sufficient facts to show that CMC's
obligations and debts were transferred to NFP.  Def.'s Mem. at 7-
10.  In response, Sodexo states that the complaint sufficiently
pleads the breach of contract claim based upon successor
liability.  Pl.'s Opp'n at 6, 9-15.  Sodexo argues that NFP
"expressly or impliedly assumed the debts of CMC" under the first
Bingham exception.  Id. at 13-15.  Sodexo also argues that the

---

[2] The parties do not dispute that D.C. law governs this
breach of contract action.

-5-

complaint's allegation that CMC's liabilities were transferred to
or assumed by NFP is sufficient to state a claim under the third
<u>Bingham</u> exception, the mere continuation theory.  <u>Id.</u> at 9-11.
Sodexo alleges additional facts "in the public record" which
support the mere continuation theory for the breach of contract
claim.  <u>Id.</u> at 12-13.  The central issue, then, is whether the
complaint's allegations regarding successor liability are
sufficient to satisfy the pleading standards of Rule 8 and to
state a breach of contract claim under Rule 12(b)(6) based on
either of the <u>Bingham</u> exceptions asserted by the plaintiff.

I.   EXPRESS OR IMPLIED ASSUMPTION OF DEBTS

     Under D.C. law, a buyer may be held liable for its
predecessor's debts where "the buyer expressly or impliedly
agrees to assume such debts[.]"  <u>Bingham</u>, 637 A.2d at 89.  To
assert this exception, the plaintiff must either allege that
there was an express agreement to assume the predecessor's
liabilities, or, under an implied agreement theory, the
plaintiff's allegations must "do more than show that [the
successor] serves [the original entity's] former customers."
<u>Material Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.</u>, 62 F.
Supp. 2d 13, 23 (D.D.C. 1999).  One court analyzing this
exception has identified three factors to determine whether there
was an implied assumption of debt: "'(1) whether the successor's
conduct indicated its intention to assume the debt; (2) whether
the creditor relied on the conduct and the effect of any
reliance; and (3) whether the successor's representatives

-6-

admitted liability.'" <u>Direct Supply, Inc. v. Specialty Hosps. of Am., LLC</u>, 878 F. Supp. 2d 13, 21 (D.D.C. 2012) (quoting <u>Portfolio Fin. Servicing Co. ex rel. Jacom Computer Servs., Inc. v. Sharemax.com, Inc.</u>, 334 F. Supp. 2d 620, 625 (D.N.J. 2004)).  In this case, Sodexo argues that NFP expressly or impliedly assumed CMC's debts because it is plausible that the mayoral order and the substitute trustee's deed intended to transfer to NFP CMC's contractual debts.  Pl.'s Opp'n 13-14.

Sodexo has not alleged sufficient facts in its complaint or its opposition brief to support the claim that NFP expressly assumed CMC's debts.  Instead, Sodexo argues, and NFP disputes, that the District transferred CMC's contractual liabilities to NFP through the mayoral order and substitute trustee deed which effected the foreclosure.[3]  Mayoral Order 2010-117 states that "[t]he Hospital Property and all other existing rights and obligations transferred to the District of Columbia under the said Substitute Trustee's Deed are hereby transferred to the jurisdiction and control of the Not-For-Profit Hospital Corporation."  Def.'s Mot., Ex. D, Transfer of Jurisdiction of

---

[3] Although not included in the complaint, these documents are appropriate to consider at the motion to dismiss stage because they are public records of which a court may take judicial notice.  <u>See</u> <u>Direct Supply</u>, 878 F. Supp. 2d at 20 n.10 ("[M]ayoral orders are public records setting out a public office's activities. . . . Public records are matters subject to judicial notice and may be considered when deciding motions to dismiss."); <u>George v. Bank of America N.A.</u>, 821 F. Supp. 2d 299, 301 n.5 (D.D.C. 2011) ("[T]he court may take judicial notice of the Deed of Trust because it is a public document recorded with D.C. Land Records.")

-7-

Real Property and Other Assets Under the Jurisdiction of the
Mayor to the Not-For-Profit Hospital Corporation ("Mayoral Order
2010-117") ¶ 2(2).  The Substitute Trustee's Deed conveys the
hospital's "land and premises, together with the improvements,
easements, and appurtenances . . . and all furniture,
furnishings, fixtures, goods, equipment, inventory or personal
property owned, leased or licensed by Borrower, all cash, funds,
deposit accounts and other rights and evidence of rights to case,
all leases, licenses and such other goods and chattels and
personal property owned by [CMC][.]"  Id., Ex. E, Substitute
Trustee's Deed ¶ G.  The complaint implies that the transfer of
"rights and obligations" in the mayoral order means that "[NFP]
may be held liable for the debts (i.e. obligations) of the
hospital."  Compl. ¶¶ 52-56.  But the mayoral order explicitly
limits the "obligations" to those transferred by the Substitute
Trustee's Deed.  See Def.'s Mot., Ex. D, Mayoral Order 2010-117
¶ 2.  The only such obligations reflected in the deed are that
the conveyance of the property is made "subject to such liens,
leases, encumbrances, reservations, covenants, conditions,
easements and restrictions, if any, lawfully affecting the said
premises, appurtenances, fixtures, furnishings, and other
personal property."  Id., Ex. E, Substitute Trustee's Deed ¶ G.
This provision does not reflect that NFP expressly assumed the
contractual debts of CMC at issue here.  In any event, Sodexo has
not alleged any action by NFP itself, a separate entity from the

-8-

District, see D.C. Code § 44-951.02, to expressly assume CMC's debt.

Sodexo also does not allege any facts which show that NFP impliedly assumed NFP's contractual debts. Sodexo has not alleged that NFP's conduct has shown an intention to assume CMC's debt, that Sodexo relied on such conduct, or that NFP has admitted liability. Thus, Sodexo's allegation that NFP assumed CMC's liabilities is insufficient to state a breach of contract claim based on an express or implied assumption theory.

## II.  MERE CONTINUATION OF A PREDECESSOR

Under the third Bingham exception, the factors which show that an entity is a "mere continuation of a predecessor" include (1) whether there is a "common identity of officers, directors, and stockholders in the purchasing and selling corporations[,]" (2) "the sufficiency of the consideration passing from one entity for the sale of its interest in another[,]" (3) whether the old entity "failed to arrange to meet its contractual obligations[,]" and (4) "whether there is a continuation of the corporate entity of the seller." Bingham, 637 A.2d at 91-92.

Here, Sodexo argues that NFP is a "mere continuation" of CMC. Pl.'s Opp'n at 9. Sodexo relies on Reese Bros., Inc. v. U.S. Postal Serv., 477 F. Supp. 2d 31 (D.D.C. 2007), in contending that the factual allegations in the complaint sufficiently reflect this theory. There, the plaintiff asserted successor liability under this exception by alleging that the defendant "continues the operations of [the original entity]

-9-

including its telemarketing fundraising for nonprofit
organizations in the United States." Id. at 41.  This
allegation, along with the "similarity in the names" between the
entities, the entities' "common mailing address" and the fact
that the entities "engaged in an identical business[,]" was
sufficient to state a claim for relief under the mere
continuation exception.[4] Id.

By contrast, the Direct Supply court granted NFP's motion to
dismiss for failure to state a breach of contract claim and
rejected the application of the mere continuation theory to this
same asset transfer.  In particular, the court stated "[a]n
acquiring entity is a mere continuation of its predecessor when
'there is a continuation of the corporate entity of the seller'
-- it's not enough that 'there is a continuation of the seller's
business operation.'" Direct Supply, 878 F. Supp. 2d at 21
(quoting Bingham, 637 A.2d at 92).  Direct Supply emphasized that
there was no sale of UMC to NFP; instead, "the District of
Columbia took the hospital from Specialty Hospitals and gave it
to NFP." Id.  Direct Supply noted that NFP was not a "corporate
continuation" of Specialty Hospitals in light of their differing
corporate forms.  Id. at 21-22.

---

[4] The Reese decision applied the standard for dismissing
motions to dismiss for failure to state a claim where the
plaintiff could "prove no set of facts in support of its claim
that would entitle it to relief." Reese, 477 F. Supp. 2d at 41
(citing Warren, 353 F.3d at 37).  The "no set of facts"
formulation has been rejected by the Supreme Court's decision in
Twombly.

-10-

In this case, the complaint does not allege sufficient facts
to sustain its breach of contract claim based on the mere
continuation exception.  The complaint states that the hospital
assets were foreclosed upon and "the District of Columbia created
[NFP] to run the foreclosed upon hospital assets."  Compl. ¶¶ 52-
54.  The complaint also states that "all rights and obligations"
were transferred to NFP and "[b]ecause [NFP] has taken over the
obligations of CMC, [NFP] should be held liable for the debts
incurred by these entities."  Id. ¶¶ 55, 65.  But these
assertions, without more, provide insufficient facts to support
the legal conclusion that NFP is responsible for the contractual
liabilities of CMC under the mere continuation exception based on
the four factors listed above.

Sodexo does allege in its opposition brief additional facts
to support the mere continuation theory.  It alleges that UMC
continues to operate under the same trade name and remains at the
same physical address; CMC and NFP have many of the same
employees and maintain the same CEO; and UMC has substantially
the same owner after the foreclosure as it had before, namely,
the District of Columbia.  Pl.'s Opp'n at 12-13.  However, "'a
complaint may not be amended by the briefs in opposition to a
motion to dismiss.'"  Konah v. District of Columbia, 815 F. Supp.
2d 61, 71 (D.D.C. 2011) (quoting Arbitraje Casa de Cambio v. U.S.
Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003)).
Therefore, the court may "disregard[] any additional factual
allegations contained within the plaintiff's opposition to the

-11-

defendants' motion." <u>Id.</u>  By contrast, courts may consider
"matters of which the court may take judicial notice, and matters
of public record." <u>McManus v. District of Columbia</u>, 530 F. Supp.
2d 46, 64 (D.D.C. 2007).  Even if the plaintiff's additional
factual allegations were accepted as facts within the public
record, they are insufficient to allege that the mere
continuation theory applies in this case.  Here, like the
transaction in <u>Direct Supply</u>, there was no underlying sale of the
hospital from CMC to NFP; instead, the District of Columbia
foreclosed the hospital's assets, created NFP and authorized the
Mayor to transfer the assets of the hospital to NFP.  Compl.
¶¶ 52-54; Pl.'s Opp'n at 4-5; <u>see also</u> D.C. Code § 44-951.07
(stating that after foreclosure, "the Mayor is authorized to
transfer all of the assets, including cash, accounts receivable,
and real and personal property, of United Medical Center to the
Corporation"). The mayor did so by mayoral order which resulted
in the change of UMC's ownership from CMC to NFP.  Def.'s Mot.,
Exs. D, E.  In this case, there is no continuation of the
corporate entity of the seller because CMC was a privately owned
corporation, Compl. ¶¶ 8-9, while NFP is a non-profit corporation
created by and separate from the District, <u>see</u> D.C. Code § 44-
951.02 ("There is established as an instrumentality of the
District government the Not-for-Profit Hospital Corporation,
which shall have a separate legal existence within the District
government.").  NFP is an instrumentality which manages UMC and
even if UMC remained unchanged in the ways identified by Sodexo,

-12-

these factual allegations are insufficient to show that CMC's
corporate entity has continued as NFP.  As Sodexo has also failed
to sufficiently allege facts showing that NFP is a mere
continuation of CMC, Sodexo's breach of contract claim will be
dismissed.

### CONCLUSION

Sodexo has not alleged sufficient facts to state a claim for
breach of contract on either the express or implied assumption of
debt theory or the mere continuation theory.  Therefore, the
defendant's motion to dismiss will be granted and the complaint
will be dismissed.  The plaintiff's motion to strike will be
denied as moot.  An appropriate Order accompanies this memorandum
opinion.

SIGNED this 19th day of March, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge