**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SODEXO OPERATIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NOT-FOR-PROFIT HOSPITAL CORPORATION,**<br><br>**Defendant.** | ) | **Civil Action No. 12-108 (RWR)** |

**MEMORANDUM ORDER**

Plaintiff Sodexo Operations, LLC ("Sodexo") brought this breach of contract action against Not-for-Profit Hospital Corporation ("NFP") seeking damages arising from an alleged breach of a contract between Sodexo and Capital Medical Center, LLC ("CMC"). NFP moved to dismiss Sodexo's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a breach of contract claim against NFP. NFP's motion was granted and Sodexo's complaint was dismissed. See Sodexo Operations, LLC v. Not-For-Profit Hosp. Corp., 930 F. Supp. 2d 234 (D.D.C. 2013). Because the order did not specify whether the dismissal was with or without prejudice, that order operated as a dismissal with prejudice. See Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 131 (D.C. Cir. 2012) ("'[U]nless the dismissal order states otherwise, [an involuntary dismissal] . . . operates as an adjudication on the merits.' . . . Adjudication on the merits in this context means dismissal with prejudice." (quoting Fed. R.

Civ. P. 41(b))); Strumsky v. Washington Post Co., 922 F. Supp. 2d 96, 106 (D.D.C. 2013) ("[A] 12(b)(6) dismissal is with prejudice unless the court states otherwise.").

Sodexo now moves for reconsideration arguing that dismissing the complaint with prejudice was clear error because the opinion did not apply the appropriate standard for dismissal with prejudice articulated in Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Sodexo attaches to its motion for reconsideration a motion for leave to amend the complaint and a proposed amended complaint asserting additional factual allegations to state a breach of contract claim. Pl.'s Mot. for Reconsideration, Ex. A. NFP opposes Sodexo's motion for reconsideration, arguing that Sodexo has not met its burden for reconsideration and that leave to amend the complaint should be denied.

Under Federal Rule of Civil Procedure 59(e), a court may reconsider a judgment based on "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone, 76 F.3d at 1208 (internal quotation marks and citations omitted); Fed. R. Civ. P. 59(e). Motions for reconsideration under Rule 59(e) are generally disfavored. Roane v. Gonzales, 832 F. Supp. 2d 61, 64 (D.D.C. 2011) (citations omitted). The moving party bears the burden "of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." Husayn v. Gates, 588 F. Supp. 2d 7, 10

(D.D.C. 2008) (citing In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 76 (D.D.C. 2008)).

"Dismissal with prejudice 'operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation' of them." Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006) (quoting Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995)). In the D.C. Circuit, "dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Firestone, 76 F.3d at 1209 (internal quotation marks omitted). Therefore, to dismiss a complaint with prejudice for failure to state a claim under Rule 12(b)(6), a district court must address whether the plaintiff can "allege additional facts that would cure the deficiencies in [the] complaint." Belizan, 434 F.3d at 584 (remanding case for "ent[ry of] a new order either dismissing without prejudice or explaining its dismissal with prejudice" since the district court dismissed the complaint with prejudice but failed to conduct Firestone analysis); Strumsky, 922 F. Supp. 2d at 106.

As is discussed above, the dismissal order in this case operated as a dismissal with prejudice. The memorandum opinion accompanying the dismissal order did not conduct a Firestone analysis for dismissal with prejudice. That opinion stated that the complaint did not provide sufficient factual allegations to state a breach of contract claim against NFP under either the

express or implied assumption of debts theory or the mere continuation theory.[1] Sodexo, 930 F. Supp. 2d at 237-40. Specifically, Sodexo relied on the District of Columbia's mayoral order and substitute trustee deed to show that NFP expressly assumed CMC's debts. Id. at 237-38. These documents did not reflect that NFP assumed CMC's debts. However, Sodexo could allege additional facts to show that NFP expressly assumed CMC's contractual debts by alleging action by NFP which expressed an intention to assume CMC's debt. Alternatively, Sodexo could assert the implied assumption theory by alleging facts showing that NFP's conduct reflected an intention to assume CMC's debt and that Sodexo relied on that conduct. Under the mere continuation theory, Sodexo did not allege sufficient facts to show that NFP was a continuation of the corporate entity of CMC in light of their differing corporate forms. Id. at 239-40. But Sodexo may be able to allege additional facts which show that NFP

---

[1] "Ordinarily, a business entity which acquires the assets of another business is not liable for its predecessor's liabilities and debts." Bingham v. Goldberg. Marchesano. Kohlman., Inc., 637 A.2d 81, 89 (D.C. 1994). However, Bingham recognized four exceptions to this general rule where:

> (1) the buyer expressly or impliedly agrees to assume such debts; or (2) the transaction amounts to a de facto merger of the buyer and seller; or (3) the buying corporation is a "mere continuation" of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts.

Id. at 89–90 (quoting Bud Antle, Inc. v. Eastern Foods, Inc., 758 F.2d 1451, 1456 (11th Cir. 1985)).

is a continuation of CMC. Thus, the Firestone standard for dismissal with prejudice was not met.

Where dismissal with prejudice is in error, "the remedy . . . [is] to grant reconsideration, dismiss without prejudice, and allow [the plaintiff] to amend his Complaint." Strumsky, 922 F. Supp. 2d at 106. Thus, Sodexo's reconsideration motion will be granted and the dismissal order will be amended to reflect that Sodexo's complaint is dismissed without prejudice. Because the time has expired under Rule 15 for the plaintiff to amend the complaint as a matter of course, the plaintiff's motion for leave to amend the complaint attached to the plaintiff's motion for reconsideration will be filed on the docket and considered in due course.

Accordingly, it is hereby,

ORDERED that Sodexo's motion [21] for reconsideration be, and hereby is, GRANTED. The March 19, 2013 Order is hereby AMENDED to reflect that the complaint is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to file on the docket as the plaintiff's motion for leave to amend the complaint Exhibit A to plaintiff's motion [21] for reconsideration.

SIGNED this 19th day of December, 2013.

/s/
RICHARD W. ROBERTS
Chief Judge