UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SODEXO OPERATIONS, LLC,

       Plaintiff,

   v.

NOT-FOR-PROFIT HOSPITAL
CORPORATION,

      Defendant.

Civil Action No. 12-108 (CKK)

MEMORANDUM OPINION AND ORDER
(September 28, 2016)

Plaintiff Sodexo Operations, LLC ("Sodexo") brought a breach of contract action against

Not-For-Profit Hospital Corporation ("NFP"), the purported successor-in-interest to the hospital

operated by Capital Medical Center ("CMC"), seeking damages arising from an alleged breach of

contract between Sodexo and CMC.  Plaintiff's complaint was dismissed without prejudice for

failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Presently before the

Court is Plaintiff's [25] Motion for Leave to File an Amended Complaint.[1]  Upon consideration of

the parties' submissions,[2] the applicable authorities, and the record as a whole, the Court shall

---

[1] The Motion also requests reconsideration of the previous dismissal order and/or clarification that the dismissal was without prejudice.  As discussed further below, this portion of the Motion was addressed pursuant to a Memorandum Order issued by Chief Judge Richard W. Roberts on December 19, 2013.  Mem. Order (Dec. 19, 2013), ECF No. [24].

[2] While the Court bases its decision on the record as a whole, its consideration has focused on the following documents: Pl.'s Mot. for Leave to File an Am. Compl. & For Clarification Or, In the Alternative, Reconsideration ("Pl.s' Mot."), ECF No. [25]; Def.'s Mem. in Opp'n to Pl.'s Mot. for Leave to File an Am. Compl. ("Def.'s Opp'n"), ECF No. [26]; Pl.'s Reply Brief to Def.'s Mem. in Opp'n to Pl.'s Mot. for Leave to File An Am. Compl. ("Pl.'s Reply"), ECF No. [27]; Def.'s Notice of Decision Issued by Hon. Frederick Weisberg ("Def.'s Notice"), ECF No. [28]; Pl.'s Resp. to Def. NFP's Notice of Decision Issued by Hon. Frederick J. Weisberg ("Pl.'s Resp.

GRANT Plaintiff's [25] Motion for Leave to File an Amended Complaint for the reasons stated herein.

## I. BACKGROUND

This action arises out of contract between Plaintiff Sodexo and CMC for services that Sodexo provided to CMC's United Medical Center ("UMC"), formerly Greater Southeast Community Hospital ("Southeast").   In 2007, the District of Columbia permitted Specialty Hospitals of America ("SHA"), the parent company of Specialty Hospitals of Washington ("SHW"), to acquire Southeast.  SHA in turn created CMC and the Capital Medical Center Realty ("CMC Realty") as wholly-owned subsidiaries of SHW.  The Southeast assets were owned, controlled, and operated by CMC and CMC Realty. In 2008, Sodexo and CMC entered into contracts (the "Southeast Management Agreement," "United Management Agreement," and "United Interim Agreement") that provided Sodexo with the exclusive right to manage and operate nutrition services, plant operations, and maintenance services for CMC's patients, residents, employees, visitors and guests at Southeast and, after being renamed, at UMC, for a fixed term.

The District of Columbia foreclosed on CMC and transferred UMC to Defendant NFP by statute and mayoral order.  As part of the foreclosure sale, the District of Columbia purchased UMC for $20,000,000 in July 2010. On July 9, 2010, NFP took over ownership and operation of the hospital assets which previously had been owned and controlled by CMC.  Sodexo now seeks to recover on a breach of contract claim against NFP, asserting that NFP is liable for CMC's debts.

---

to Def.'s Notice"), ECF No. [29]; Jt. Status Report Regarding Sodexo's Pending Mot. for Leave to File Am. Compl. ("Jt. Status Report"), ECF No. [31]; Def.'s Supp. Mem. in Opp'n to Pl.'s Mot. for Leave to Am. ("Def.'s Supp."), ECF No. [32]; Pl.'s Supp. Mem. in Supp. of Mot. for Leave to File Am. Compl. ("Pl.'s Supp."), ECF No. [33]. The motion is fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering its decision.  *See* LCvR 7(f).

Specifically, Sodexo seeks to recover $349,333.81, the past due amount that Sodexo asserts it is owed for work completed under the contract, as well as reasonable attorney's fees, pre- and post-judgment interest, costs, expenses, and other relief.

On March 19, 2013, United States District Judge Richard W. Roberts granted NFP's motion to dismiss the complaint in the instant action, finding that Sodexo "ha[d] not alleged sufficient facts to state a claim for breach of contract on either the express or implied assumption of debt theory or the mere continuation theory." *Sodexo Operations, LLC v. Not-For-Profit Hosp. Corp.*, 930 F. Supp. 2d 234, 240 (D.D.C. 2013).  In granting the motion, Judge Roberts indicated, "The complaint is DISMISSED."  Order (Mar. 19, 2013), ECF No. [20].  On April 11, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint and for Clarification or, in the Alternative, Reconsideration, requesting that the Court enter an order indicating that the dismissal of its Complaint was without prejudice and requesting leave to file its First Amended Complaint which was filed alongside the Motion.  Pl.'s Mot. for Leave to File an Am. Compl. & For Reconsideration Or, In the Alternative, Clarification, ECF No. [21].  On December 19, 2013, Chief Judge Roberts granted the request for reconsideration, amending the Order "to reflect that the complaint is DISMISSED WITHOUT PREJUDICE," and directing the Clerk of the Court to file Plaintiff's Motion on the docket to address the request for leave to file the First Amended Complaint.  Mem. Order (Dec. 19, 2013), at 5, ECF No. [24].  On April 6, 2016, the instant action was reassigned to this Court.  Presently before the Court is Plaintiff's Motion for Leave to Amend the Complaint which Defendant opposes.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within twenty-one days after service or within twenty-one days after service of a

responsive pleading. Fed. R. Civ. P. 15(a)(1). Where, as here, a party seeks to amend its pleadings outside that time period, it may do so only with the opposing party's written consent or the district court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave should be freely given unless there is a good reason to the contrary. *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996).

"When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). With respect to an amendment causing undue delay, "[c]ourts generally consider the relation of the proposed amended complaint to the original complaint, favoring proposed complaints that do not 'radically alter the scope and nature of the case.'" *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009) (citation omitted). With respect to an amendment being futile, "a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend. *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

### III. DISCUSSION

Sodexo seeks leave from the Court to file its First Amended Complaint in light of the fact that its original complaint was dismissed without prejudice. Sodexo asserts that the First Amended Complaint addresses the infirmities that led to the prior dismissal by sufficiently pleading facts to support its claims of successor liability against NFP. NFP opposes the request, arguing that

Sodexo's request for leave to file an amended complaint is futile and that granting the request at this juncture would unduly prejudice NFP.   The Court shall first address the two factors discussed by NFP in its briefing.   In the interest of completeness, the Court shall discuss the other factors that it must consider in reaching its decision regarding the request for leave to file the amended complaint which the Court notes are not addressed by NFP in its briefing.

A.   *Prejudice to Defendant*

NFP first argues that granting Sodexo's request to file an amended complaint would unduly prejudice NFP.   Specifically, NFP argues that granting the request to amend "years after the subject contract was executed and allegedly breached, and only after this Court granted NFP's Motion to Dismiss, is . . . unduly prejudicial to NFP."   Def.'s Opp'n at 4 n.4.   Instead, NFP argues that Sodexo should have amended its complaint after NFP put it on notice of the infirmities in the original complaint by filing its motion to dismiss, rather than waiting to seek leave to amend the complaint only after the motion to dismiss was granted.   *Id.* at 15.   Sodexo asserts that granting its request to amend would not prejudice NFP because "[t]here has been no discovery in this case, and NFP's own brief contends that it is facing the same claims from Sodexo now that it was when this case was filed . . . ."   Pl.'s Reply at 8.

The Court notes that while NFP is correct that the original claims are premised on events that occurred several years ago, Sodexo timely put NFP on notice of these claims and has been pursuing its claims.   NFP only points to the temporal distance between the execution and alleged breach of the contract at issue as a basis for this prejudice, but provides no additional explanation as to why this lapse in time will prejudice NFP.   Indeed, NFP has pointed to no specific reason why the mere lapse of time prejudices it and, as such, the Court finds NFP's argument unconvincing.   Moreover, Sodexo has not added new claims but rather pled additional facts that

are related to the claims that it raised in its original complaint. Accordingly, the Court concludes that granting Sodexo's request for leave to file the amended complaint will not prejudice NFP.

B. *Futility*

NFP next contends that the Court should deny Sodexo's request for leave to file an amended complaint because granting the request would be futile. Specifically, NFP asserts that Sodexo's request is futile because: (1) the applicable three-year statute of limitations on Sodexo's breach of contract claim has expired; (2) the "new" allegations in Sodexo's proposed amended complaint fail to establish that NFP is liable for CMC's debts and obligations to Sodexo; and (3) this action is barred by *res judicata* and/or the prohibition against splitting claims. The Court shall address each of arguments in turn. For the reasons described herein, the Court finds that NFP has failed to establish that granting Sodexo's request for leave to file an amended complaint is futile.

1. Statute of Limitations

NFP first asserts that Sodexo's breach of contract claim is barred under the statute of limitations. Pursuant to District of Columbia law, the statute of limitations on a contract claim is three years. D.C. Code § 12-301(7). The statute of limitations begins to run from the time of the breach. *Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 319-20 (D.C. 2008). NFP contends that the statute of limitations began to run at the latest in January 2010, when Sodexo notified CMC in writing that it owed Sodexo $349,333.81 for worked performed under the contract. Pl.'s Mot., Ex. A, ¶ 38 (1st Am. Compl.); Def.'s Opp'n at 13. The parties do not dispute that the original complaint in this matter was timely filed on January 23, 2012.

NFP argues that under controlling precedent in this jurisdiction the statute of limitations ran continuously from the date of the breach and, as such, has expired because the breach occurred well over three years ago. *See* Def.'s Opp'n at 13-17. NFP relies primarily on the holding of the

United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") in *Ciralsky v. Central Intelligence Agency*, 355 F.3d 661 (D.C. Cir. 2004), to support its assertion that the dismissal of Sodexo's original complaint without prejudice was essentially a dismissal with prejudice because the three-year statute of limitations had expired at that time.  The D.C. Circuit's holding in *Ciralsky* is distinguishable from the facts of the instant case for the reasons described below.

In *Ciralsky*, the D.C. Circuit held that the district court did not abuse its discretion in denying the plaintiff's motion for reconsideration pursuant to Rule 59(e) and the plaintiff's related motion for leave to file an amended complaint pursuant to Rule 15(a), when the district court had previously struck two complaints for failure to comply with Rule 8(a).  Nevertheless, the D.C. Circuit remanded the case to allow the district court to reconsider its ruling on the motion for reconsideration in light of the fact that it was now apparent that the plaintiff would be time barred under the statute of limitation from re-filing his complaint even though his original complaint was timely filed.  *Id.* at 673-74.  NFP argues, quoting *Ciralsky*, that "'[o]nce a *suit* is dismissed, even if without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'"  *Id.* at 672 (emphasis added).  However, the D.C. Circuit has since clarified the distinction between the effect of a dismissal without prejudice of a complaint and dismissal without prejudice of both a complaint *and* the case in situations where the statute of limitations has expired since the filing of the original complaint.  In *Cohen v. Board of Trustees of the University of the District of Columbia*, 819 F.3d 476 (D.C. Cir. 2016), the D.C. Circuit relying on *Ciralsky* and the discussion in that opinion of the confines of Rule 15(c), explained that if a court dismisses only a complaint without prejudice but not the underlying case, the plaintiff "could

. . . file[ ] a new complaint in his original case and the statute of limitations would [be] tolled from the date of his original complaint." *Id.* at 478-79.  Alternatively, if a court dismisses both the complaint and the case without prejudice, the plaintiff "could . . . file[ ] a new complaint in a new case only if the claims were still timely as of the new filing." *Id.* at 479.

In the instant action, Chief Judge Roberts dismissed only the complaint without prejudice and did not dismiss the underlying case either at the time of the original dismissal of the complaint or upon reconsideration.  As such, the Court finds that the statute of limitations in the instant action has been tolled since the date of the filing of the original complaint, January 23, 2012, and accordingly, Plaintiff's First Amended Complaint is not barred by the statute of limitations.[3]

## 2.  NFP's Purported Liability for CMC's Debts

NFP next contends that Sodexo's request to file its First Amended Complaint is futile because it fails to establish that NFP is liable for CMC's debts and obligations to Sodexo. Specifically, NFP argues that the First Amended Complaint does not establish that NFP expressly or impliedly assumed CMC's debt or that NFP is a mere continuation of CMC.  For the reasons described, the Court finds that Sodexo has at least pled sufficient facts to demonstrate that its claim of NFP's liability on the basis that it is a mere continuation of CMC is not futile.[4]  In light of this finding at this stage of the proceeding, the Court does not reach NFP's arguments regarding the

---

[3] The parties in their briefing also dispute whether equitable tolling would render the First Amended Complaint timely filed.  The Court does not reach this issue because it has determined the statute of limitations has been tolled since the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15 and binding precedent.

[4] Generally, NFP contends that the Court should find Sodexo's claims futile because two other district judges in this court and two judges in the Superior Court of the District of Columbia ("D.C. Superior Court") have considered the transfer of assets at issue and concluded that NFP did not assume CMC's debts.  *See* Def.'s Opp'n at 2 & n.1 (citing cases).  The Court has reviewed this nonbinding authority and at this juncture is not persuaded that it should bar Sodexo from filing an amended complaint on this basis.

assertion that Sodexo did not sufficiently plead facts to demonstrate that NFP impliedly or expressly assumed CMC's debts and liabilities.

"Ordinarily, a business entity which acquires the assets of another business is not liable for its predecessor's liabilities and debts." *Bingham v. Goldberg, Marchesano, Kholman, Inc.*, 637 A.2d 81, 89 (D.C. 1994).  However, one exception to this general rule exists if the buying corporation is a "mere continuation" of the selling corporation.  *Id.* at 89-90.  The court must examine "[a] number of factors . . . to determine whether one business is a mere continuation of a predecessor." *Id.* at 91.  Specifically, the court must consider: (1) whether there is a "common identity of officers, directors, and stockholders in the purchasing and selling corporations[,]" (2) "the sufficiency of the consideration passing from one entity for the sale of its interest in another[,]" (3) whether the old entity "failed to arrange to meet its contractual obligation[s]" and (4) "whether there is a continuation of the corporate entity of the seller." *Id.* at 92.

Indeed, in addressing the motion to dismiss in the instant action, Chief Judge Roberts concluded that "there is no continuation of the corporate entity of the seller because CMC was a privately owned corporation . . . while NFP is a non-profit corporation created by and separate from the District." *Sodexo Operations, LLC*, 930 F. Supp. 2d at 239 (citation omitted).  However, Sodexo has now pled additional facts that at this juncture support a claim against NFP under the theory that NFP is a mere continuation of CMC.  *See generally* 1st Am. Compl. ¶¶ 53-70.

Sodexo argues that its First Amended Complaint differs from the original complaint in that it includes additional details to demonstrate that NFP is liable for CMC's debts.  In support of these assertions, Sodexo also provided an affidavit from the chairperson of SHA and a contemporaneous memorandum from the District.  Pl.'s Mot. at 4; 1st Am. Compl. ¶ 69.

Specifically, the proposed First Amended Complaint sets forth information to support the contention that CMC and NFP:

> (1) had the same employees, (2) the same controlling entity, (3) the same accounts receivable and checking accounts, (4) the same funding, (5) the same name, (6) the same physical address, (7) the same physical equipment, (8) that NFP and CMC/UMC are engaged in an identical business, (9) that CMC/UMC effectively ceased to exist after the sale of the hospital to the District, and (10) that the hospital was effectively owned by the District before (99% ownership) and after (100% ownership) the foreclosure.

Pl.'s Reply at 12.

Specifically, in its proposed First Amended Complaint, Sodexo maintains that "the District was always the true owner and operator of CMC," 1st Am. Compl. ¶ 54, and that "SHA's ownership and operation of that hospital was only to 'maintain the perception of private ownership and management of [CMC],'" *id.* In support of these assertions, Sodexo now alleges that prior to the foreclosure by the District: "'DC . . . owned 99% of the hospital and all of the working capital funds to operate the hospital had been advanced . . . by DC," *id.* ¶ 55; "'[o]nly DC funds . . . were used in the operation of the hospital,'" *id.* ¶ 56; and "'DC exercised tight fiscal control and DC insisted on a third party management company to supervise' the hospital," *id.* ¶ 57. Sodexo also alleges that the District transferred the following to NFP which it created "to continuously run the foreclosed upon hospital assets": "checking accounts not named in the 2007 agreement and not in existence until 2008"; "the name United Medical Center"; "the services of *every employee including the CEO and CRFO*"; "*every account receivable* including DHS payments and Medicaid payments due from DC to UMC"; "IRA and Keogh contribution that had been in the hands of third party"; and "certain accounts payable." *Id.* ¶¶ 63-65 (emphasis in original). Moreover, Sodexo alleges that "the District prevented the Specialty Entities from 'remov[ing] the goods and equipment from their facilities following their eviction from the UMC campus . . . SHA and SHW

were informed that they would be unable to remove their equipment from the facility by order of Peter Nickles. Metropolitan police officers . . . physically prevented the relocation.'" *Id.* ¶ 66. Finally, Sodexo purports that almost nothing changed before and after the hospital takeover in that DC owned 99% of the building prior to the takeover and owns 100% of it after the takeover and that prior to the takeover the hospital was operated on the District's money and it continues to be operated on the District's money after the takeover. *Id.* ¶ 69.

NFP argues that Sodexo's claim that NFP is a mere continuation of CMC fails because there was no sale of CMC and, accordingly, no "selling corporation." *See Bingham*, 637 A.2d at 90 (noting successor liability exists when "the buying corporation is a 'mere continuation' of the selling corporation"). Rather, NFP asserts, the District foreclosed on the privately-owned for-profit CMC and created NFP and in a transaction of this nature, successor liability cannot be established under a mere continuation theory.

Sodexo asserts that a foreclosure instead of a sale does not necessarily preclude a corporation from qualifying as a mere continuation of its predecessor and points to nonbinding authority in support of this proposition. *See* Pl.'s Reply at 13-15. Indeed, Sodexo cites to precedent from other jurisdictions that supports its position that the transfer of assets through foreclosure does not necessarily preclude a plaintiff from asserting that an entity is a mere continuation of the foreclosed-upon entity. *See, e.g.*, *Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 124 F.3d 252, 267 (1st Cir. 1997) ("[E]xisting case law overwhelmingly confirms that an intervening foreclosure sale affords an acquiring corporation no automatic exemption from successor liability."); *Kaiser Found. Health Plan of Mid-Atlantic States v. Clary & Moore, P.C.*, 123 F.3d 201, 206 (4th Cir. 1997) ("[F]orm must not be elevated over substance in deciding the issue of successor liability."); *Stoumbos v. Kilimnik*, 988 F.2d 949, 962 (9th Cir. 1993) ("The mere fact that the transfer of assets

involved foreclosure on a security interest will not insulate a successor corporation from liability where other facts point to a continuation."); *EEOC v. SWP, Inc.*, 153 F. Supp. 2d 911, 924 (N.D. Ind. 2001) ("RBK's argument that a foreclosure sale cuts off all possibility of successor liability is simply incorrect."); *Fiber-Lite Corp. v. Molded Acoustical Prods. of Easton, Inc.*, 186 B.R. 603, 610 (E.D. Pa. 1994) ("[W]e reject Easton's contention that it cannot be responsible for Indiana's debts since it acquired Indiana's assets in a foreclosure sale . . . .").  Here, neither party has pointed to binding authority such that the Court can conclude that Sodexo's claim that NFP is a mere continuation of CMC is futile based on the fact the NFP was created after the District foreclosed on CMC.  Accordingly, for the reasons described and on this record, the Court finds that NFP has not established that permitting Sodexo to file an amended complaint is futile.

### 3. Res Judicata and/or The Prohibition Against Claim Splitting

NFP further contends that Sodexo's request to file an amended complaint is futile because it is barred by res judicata and/or violates the prohibition against splitting claims.  Def.'s Opp'n at 25.  Specifically, NFP argues that Sodexo is precluded from pursuing a claim against NFP because Sodexo brought suit against CMC in the D.C. Superior Court to recover damages for the same alleged breach.  *Id.* at 26.  For the reasons described herein, the Court concludes that at least at this phase of the proceeding, NFP has not demonstrated that Sodexo's claim is barred by res judicata or the prohibition against splitting claims such that granting leave to file the amended complaint is futile.

"To determine whether a plaintiff is claim-splitting, '[t]he proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis.'"  *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1219 (10th Cir. 2011)).  "The doctrine of res judicata prevents repetitious

litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). The doctrine has two components: claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion incorporates the principles of "merger—the extinguishment of a claim in a judgment for plaintiff—" and "bar—the extinguishment of a claim in a judgment for defendant." Restatement (Second) of Judgments, ch. 3, Introductory Note (Am. Law. Inst. 1982); *Taylor*, 553 U.S. at 892 n.5 (citing *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77 n.1 (1984)). Issue preclusion incorporates the principles of direct estoppel—"the effect of the determination of an issue in another action between the parties on the same claim"—and collateral estoppel—such effect in another action on "a different claim." Restatement (Second) of Judgments, ch. 3, Introductory Note (Am. Law. Inst. 1982); *Taylor*, 553 U.S. at 892 n.5 (citing *Migra*, 465 U.S. 75 at 77 n.1).

"Under claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Sheppard v. District of Columbia*, 791 F. Supp. 2d 1, 4 (D.D.C. Feb. 22, 2011) (quoting *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)). Under this form of res judicata, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Broadly speaking, "'[a] privy is one [who is] so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case.'" *Herrion v. Children's Hosp. Nat'l Med. Ctr.*, 786 F. Supp. 2d 359, 371 (D.D.C. 2011) (quoting *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989) (alterations in original)).

Under the collateral estoppel form of issue preclusion, "'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Sheppard*, 791 F. Supp. 2d at 5 (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). This form of issue preclusion applies if three conditions are met:

> First, the issue must have been actually litigated, that is, contested by the parties and submitted for determination by the court. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in the first . . . [case]. Third, preclusion in the second . . . [case] must not work an unfairness.

*Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (internal citations, quotations, and quotation marks omitted).

Here, NFP appears to argue that Sodexo's claims are barred by claim preclusion. NFP asserts that Sodexo has been awarded a final judgment against CMC in the amount of $349,333.81, the same amount Sodexo is seeking here, in a suit arising out of the same contract in the D.C. Superior Court and both parties point to an order from Associate Judge Erik P. Christian in that action denying CMC's request to substitute the District and apparently NFP as defendants in that case.[5] Def.'s Opp'n at 3; *id.*, Ex. A (Order Denying Mot. for Substitution, 2010 CA 002467 B); Pl.'s Reply, Ex. 1 (same). NFP also points to several other opinions from other judges in this court and in D.C. Superior Court that it argues solidifies "that NFP did not assume the debts and liabilities of the prior operator of the hospital, Capitol Medical Center, LLC . . . ." Def.'s Supp. Mem. in Opp'n at 1; *see also* Def.'s Opp'n at 3.

---

[5] While not crystal clear, the Court has reviewed the docket in the matter before Judge Christian and the Order provided by the parties. In this review, it appears that CMC sought to join both the District and NFP as defendants in that action and Sodexo took no position as to the request. Judge Christian ultimately denied the request, stating: "Because the Court has concluded that neither the District nor NFP assumed the debts and liabilities of CMC, there is no basis for a third-party complaint alleging the District's secondary liability to CMC." Def.'s Opp'n, Ex. A at 7.

However, NFP has not set forth its argument in full, applying the requisite legal standard for either claim or issue preclusion to the facts of the instant action.  Rather, each party argues that the other has presented inconsistent positions with the respect to whether this action involves the same parties or their privies before the Court in this action and in the action in D.C. Superior Court. Moreover, neither party has fully discussed the import, if any, of the earlier decisions in this court and in D.C. Superior Court to this action.  While NFP cites to these other decisions, it does not sufficiently analyze the application of these decisions to the present case.  As such, the Court concludes that NFP has not met its burden of coming forward with a colorable basis for denying leave to amend on the grounds that Sodexo's claims are barred by res judicata.

C.  *Other Factors for the Court's Consideration*

While they are not the focus of NFP's briefing, the Court also consider the remaining factors.  First, the Court notes that Sodexo has not previously amended its complaint.  As such, the Court now turns to the issues of undue delay and bad faith.

Turning first to the issue of undue delay, NFP appears to argue that Sodexo should have amended its complaint as soon as it was placed on notice through the filing of NFP's motion to dismiss of the infirmities in the original complaint.  However, Sodexo represented in response that it was its belief that its original complaint was sufficient based on its reading of prior case law. Pl.'s Reply at 5-6.  Moreover, as Sodexo noted, it "filed its original claim nearly a year before the three-year period ran . . . [and] [s]ince that time, there has been less than one month where this Court has not had on file either an active complaint or a motion to amend the complaint."  *Id.* at 5. As such, while this matter has been pending for a significant amount of time, the Court notes that Sodexo has continually pursued its claim.  Moreover, a review of the proposed First Amended Complaint does not radically alter the scope and nature of the case.  Rather, Sodexo, through its

First Amended Complaint, appears to bolster its same claims with additional facts.  Finally, turning to the issue of bad faith, NFP has not alleged bad faith on Sodexo's part and nothing in the record indicates that either party has acted in bad faith.

After considering the parties' arguments, the Court concludes that NFP has not met its burden of showing a colorable basis for denying leave to amend the complaint.  Accordingly, in an exercise of its discretion, the Court shall grant leave to Sodexo to file its proposed First Amended Complaint pursuant to Rule 15(a)(2).  In reaching this conclusion, the Court notes that while it has concluded that NFP has not met its burden of demonstrating a colorable basis for denying leave to amend, the Court expresses no other opinion on the validity of the Sodexo's claims.

### IV. CONCLUSION

For the foregoing reasons, it is this 28th day of September, 2016, hereby

**ORDERED** that Plaintiff's [25] Motion for Leave to File an Amended Complaint is GRANTED; and it is further

**ORDERED** that the proposed First Amended Complaint, ECF No. [21-2], attached as Exhibit A to Plaintiff's Motion for Leave to File an Amended Complaint and for Clarification or, in the Alternative, Reconsideration, shall be deemed filed; and it is further

**ORDERED** that Defendant shall respond to the First Amended Complaint by no later than **October 19, 2016.**


                                                          /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge